## Annie Leutenmyer, Appellee, v. George McMahon, Appellant.

MASTERS IN CHANCERY—*when findings of fact not disturbed.* Unless the evidence is clearly contrary to the findings of fact by the master, such findings will not be disturbed on review.

Bill in equity. Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the October term, 1911. Reversed. Opinion filed March 15, 1912.

CHARLES G. BRIGGLE, for appellant.

JOHN W. SHEEHAN and HAMILTON & CATRON, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in equity by which the complainant seeks to have set aside as fraudulent and void as to her, a creditor, a warranty deed to certain real estate, executed by one James McMahon, to his sons, George and Edward McMahon. The bill alleges and the evidence establishes the recovery by the complainant of a verdict against James McMahon for the sum of $275 on October 13, 1909; the making of the deed in question on the following day; the rendition of judgment

upon such verdict on October 22, 1909, and the subsequent conveyance on December 22, 1909, by Edward McMahon to George McMahon of his interest in said property. The bill further alleges that said deed was made without consideration, for the purpose of defeating said judgment; that the property thereby conveyed was held in trust by the defendant, George McMahon, for the said James McMahon. The prayer of the bill, to which George is made party defendant, is that the said deed be decreed to be null and void as to the complainant, and that her said judgment be satisfied therefrom.

The defendant by his answer denies that said deed was made for the purpose charged in the bill, and alleges that he and his brother Edward McMahon bought and paid for the real estate in question, and were the equitable owners thereof; that the said James McMahon, their father, held the title of record merely as trustee for them; that when the verdict referred to was rendered against their said father, the deed in question was executed in fulfillment of an agreement theretofore made between them and their father whereby the latter had agreed to convey the property to them upon demand. The answer further alleges that the property was paid for out of the wages earned by the defendant, and the said Edward McMahon, who, although a minor, had been emancipated by his father. The defendant also filed a cross-bill to which a demurrer was sustained, whereby he asked to have the judgment in question set aside as a cloud upon his title. Acting in accordance with the findings and recommendations of the master in chancery to whom the cause was referred, the chancellor entered a decree in accordance with the prayer of the bill, and directing that the sheriff proceed under an execution issued upon the complainant's judgment to levy upon, advertise and sell the real estate in question to satisfy the complainant's said judgment and costs.

The evidence further discloses that in 1902, James McMahon purchased the real estate in question from one Pierik, who executed to him a bond for a deed, which provided for monthly payments of $12 until the sum of $1,600, the full purchase price, was paid; that in August, 1904, said payments having been made, Pierik executed a warranty deed to James McMahon, pursuant to said contract; that after the purchase of the property, James McMahon occupied the property as a residence, together with his three sons, but that after the conveyance of the same to the defendant and Edward, he left the State of Illinois. The evidence adduced by the complainant tended to show that during the occupancy of the premises James McMahon exercised rights of ownership over the property; was the reputed owner thereof and frequently referred to it as his property, in the presence of his sons, who failed to deny that such was the fact; that several years prior to the purchase of the property he received a sum of money, the proceeds of a fire insurance policy; that for the past ten years he had received a pension of $12 a month; that for several years he engaged to some extent in buying, selling and trading horses and other stock; that shortly before he conveyed the property in question to his sons, with the knowledge of his sons, he brought suit in his own name against several of his adjoining neighbors, claiming among other things that they had injured him in the peaceable possession of said premises; that during the trial of said suit, as well as the suit in which the judgment here involved was rendered, the defendant and Edward McMahon, who testified in behalf of their father, referred to said premises as the property of the latter. The evidence introduced by the defendant tended to prove that for a number of years James McMahon had no property or income other than his pension; that he was supported by his sons; that while the purchase of the property was made by him, each

and all of the payments therefor were made from money furnished by the defendant and his brother George; that they permitted their father to take the bond and deed in his own name under an agreement that he would convey the same to them whenever they desired; that at and during the time said payments were being made George McMahon, the defendant, was of age, and Edward, although a minor, had been emancipated by his father, and that during all of said times both of them were employed and earned enough to make said payments, and further that several times when making payments James McMahon stated that his sons were providing the money with which to make the same.

Giving to the findings of the master upon the disputed issues of fact, the full weight to which they are entitled, by reason of his having seen and heard the witnesses testify, we are nevertheless not convinced, after a careful consideration of the evidence, that the finding of the decree that the conveyance in question was fraudulent as charged in the bill is sustained by the greater weight thereof. The various facts and circumstances relied upon by complainant are in our opinion far from sufficient to overcome the clear and otherwise uncontradicted testimony of the defendant and Edward, which is well corroborated.

The judgment which it is sought by the present proceeding to enforce was based upon a tort, and it therefore cannot be said that by permitting their father to hold the record title to the property, the defendant and his brother are estopped to assert their equitable rights thereto.

The foregoing views render it unnecessary to discuss or determine the other errors assigned as grounds for reversal.

The decree of the Circuit Court is reversed.

*Reversed.*